## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**FAWZIA SAMADI,**

        **Plaintiff,**

    **vs.**                                **Civ. No. 21-314  JFR**

**KILOLO KIJAKAZI, Acting Commissioner,**
**Social Security Administration,**

        **Defendant.**

## <u>MEMORANDUM OPINION AND ORDER[1]</u>

      **THIS MATTER** is before the Court on the Social Security Administrative Record (Doc. 16)[2] filed August 9, 2021, in connection with Plaintiff's *Motion to Reverse or Remand For the Immediate Payment of Benefits or for a Rehearing with Supporting Memorandum,* filed November 12, 2021.  Doc.  21.  In lieu of a response to Plaintiff's Motion, on May 9, 2022, Defendant filed a *Motion and Brief to Reverse and Remand for Further Administrative Proceedings Pursuant to Sentence Four of 42 U.S.C. § 405(g)*.  Doc. 31.  On May 10, 2022, Plaintiff filed a Response.  Doc. 32.  On May 24, 2022, Defendant filed a Reply.  Doc. 33.  The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. §§ 405(g) and 1383(c).  Having reviewed the parties' filings and the applicable law and being fully advised in the premises, the Court finds that Defendant's motion is well taken in part.  For the reasons discussed below, the Court remands this case but does so for an immediate award of benefits.

---

[1]  Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned to conduct any or all proceedings, and to enter an order of judgment, in this case.  (Docs. 10, 12, 13.)

[2] Hereinafter, the Court's citations to Administrative Record (Doc. 16), which is before the Court as a transcript of the administrative proceedings, are designated as "Tr."

## I. <u>Background and Procedural Record</u>

On November 26, 2007, Plaintiff protectively filed an application for Title II Social Security Disability Insurance benefits.  Tr. 38.  On November 27, 2007, Plaintiff filed an application for Title XVI Supplemental Security Income benefits.  Tr. 39.  Plaintiff alleged disability beginning October 20, 2005.  Tr. 42.  Her date last insured was December 31, 2010.  Tr. 151.  Plaintiff's applications were denied initially on January 25, 2008, and upon reconsideration on April 1, 2008.  Tr. 64, 68.  On December 7, 2009, Plaintiff, represented by counsel, appeared at a hearing before ALJ Ann Farris.  Tr. 9.  On March 12, 2010, ALJ Farris issued a decision denying Plaintiff's applications having found Plaintiff not disabled at step five of the sequential evaluation process.  Tr. 43-55.  Plaintiff filed a request for review by the Appeals Council.  Tr. 60-62.

While Plaintiff's request for review was pending, on March 30, 2010, Plaintiff filed second applications for Title II and Title XVI benefits.  Tr. 799-800.  Plaintiff again alleged disability beginning October 20, 2005.  Plaintiff's second applications were denied initially on September 9, 2010, and upon reconsideration on February 10, 2011.  Tr. 887-94, 896-99, 902-04.

On October 19, 2011, the Appeals Council affirmed ALJ Farris's decision as to Plaintiff's November 2007 applications.  Tr. 60-62.

On February 8, 2012, Plaintiff, represented by counsel, appeared at a hearing before ALJ Barry Robinson as to her March 2010 applications.  On February 13, 2012, ALJ Robinson issued a "Fully Favorable" decision finding Plaintiff disabled beginning March 13, 2010.  Tr. 591-601.

On March 22, 2013, having requested and been granted an extension of time to do so, Plaintiff filed a complaint with the United States District Court for the District of New Mexico as to ALJ Farris's denial of her November 2007 applications.  At issue was the time period of

Plaintiff's alleged onset date of October 20, 2005, through March 13, 2010.  Plaintiff filed a

*Motion to Remand to Agency for Rehearing, with Supporting Memorandum*.[3]  USDC NM Civ.

13-275 SMV (Doc. 14).  On May 16, 2014, Magistrate Judge Stephan M. Vidmar issued an order

for remand finding that ALJ Farris erred in formulating Plaintiff's RFC by failing to account for

Plaintiff's difficulties with concentration.  Tr. 578-85.  On remand, the Appeals Council directed

ALJ Farris to rehear the case and further develop the record, if necessary, and to issue a new

decision.  Tr. 588-89.

On October 20, 2015, Plaintiff, represented by counsel, again appeared before ALJ Farris

for rehearing.  Tr. 533.  At the rehearing, Plaintiff amended her alleged onset date to

November 26, 2006.  Tr. 513.  On January 15, 2016, ALJ Farris issued a "Partially Favorable"

decision, finding Plaintiff disabled as of April 1, 2009.  Tr. 509-27.  As for the time period

between November 26, 2006, and April 1, 2009, ALJ Farris explained that Plaintiff could not do

any past relevant work, and that considering Plaintiff's age, education, work experience, and

residual functional capacity, there were jobs that existed in significant numbers in the national

economy that she could perform.  *Id.*  The ALJ, therefore, determined at step five that Plaintiff

was not disabled prior to April 1, 2009.  *Id.*

On May 8, 2016, Plaintiff returned to the United States District Court for the District of

New Mexico regarding the period of denial between November 26, 2006, and April 1, 2009.  On

December 16, 2016, Plaintiff filed a *Motion to Reverse and Remand for Rehearing, With*

*Supporting Memorandum*.[4]  USDC NM Civ. No. 16-402 GJF (Doc. 16).  On March 21, 2017, in

---

[3] Plaintiff raised arguments that (1) ALJ Farris's RFC findings was unsupported by the evidence because she failed to include all of Plaintiff's limitations; (2) ALJ Farris failed to ask the VE to explain why he gave testimony that conflicted with the DOT; and (3) ALJ Farris's credibility finding is unsupported by the evidence and is contrary to law.  USDC NM Civ. No. 13-275 SMV (Doc. 14 at 4, 16-23).

[4] Plaintiff raised arguments that (1) ALJ Farris failed to follow and apply SSR 83-20; (2) ALJ Farris improperly rejected treating physician Benjamin Chan, M.D., opinion evidence for the period before April 2009; (3) ALJ Farris

lieu of responding to Plaintiff's motion, Defendant filed an unopposed motion to remand under sentence four of 42 U.S.C. § 405(g) seeking remand to a new ALJ for a *de novo* hearing and new decision, and to reevaluate the entire period, as necessary, and to specifically address the period between November 26, 2006, and April 1, 2009, in accordance with SSR 83-20.[5]  Tr. 789.  There being no objection from Plaintiff, on March 22, 2017, Magistrate Judge Gregory J. Fouratt issued an order for remand directing the Appeals Council to remand to a new ALJ with instructions reflecting the requested relief by Defendant.  Tr. 791.

On August 13, 2018, Plaintiff, represented by counsel, appeared before ALJ Lillian Richter for rehearing.  Tr. 726-62.  On February 28, 2019, ALJ Richter issued a "Partially Favorable" decision, finding Plaintiff disabled as of July 13, 2009.  Tr. 688-717.  As for the time period between November 26, 2006, and July 13, 2009, ALJ Richter explained that Plaintiff could not do any past relevant work, but that considering Plaintiff's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that she could perform.  Tr. 709-717.  The ALJ, therefore, determined at step five that Plaintiff was not disabled prior to July 13, 2009.  *Id.*

On May 2, 2019, Plaintiff returned for the third time to the United States District Court for the District of New Mexico regarding the period of denial between November 26, 2006, and July 13, 2009.  Tr. 2031.  On October 4, 2019, Plaintiff filed a *Motion to Reverse and Remand for a Rehearing or for the Immediate Payment of Benefits With Supporting Memorandum*.[6]

---

did not conduct the analysis for a significant number of jobs; and (4) the case should be reversed and remanded for an immediate award of benefits.  USDC Civ. No. 16-402 GJF (Doc. 1 at 2, 16-27).

[5] SSR 83-20 states the policy and describes the relevant evidence to be considered when establishing the onset date of disability under the provisions of Titles II and XVI of the Social Security Act and implementing regulations.  SSR 83-20, 1983 WL 31249, at *1.

[6] Plaintiff raised arguments that (1) ALJ Richter's step 5 finding contained legal errors because (i) she failed to resolve a conflict between the VE's testimony and the DOT; and (ii) she neglected to make the required factual finding of

USDC NM Civ. No. 19-405 JCH/JHR (Doc. 24).  On January 28, 2020, Defendant again filed an

unopposed motion to remand under sentence four of 42 U.S.C. § 405(g) stating only that the

agency had further reviewed Plaintiff's case and determined that remand for further proceedings

were warranted.  Tr. 2040.  On February 6, 2020, District Judge Judith C. Herrera entered an

order remanding the case for further administrative proceedings.  Tr. 2039.

On May 12, 2020, the Appeals Council explained that further evaluation was necessary

"in light of medical evidence indicating that the claimant had back pain and other symptoms

prior to and after July 13, 2009," and because "it is unclear whether substantial evidence

supports July 13, 2009, as the established onset date of disability."  Tr. 2046.  The Appeals

Council specifically instructed that upon remand, the ALJ will:

> ● Further evaluate the record and adjudicate the period from the alleged onset date,
> November 26, 2006, through the established onset date of disability, July 13, 2009.
>
> ● Reconsider the claimant's applications for disability benefits and all of the issues
> relevant thereto for the period prior to July 13, 2009.  If the Administrative Law
> Judge determines that the claimant became disabled during the period at issue,
> he/she will explain the medical basis for the established onset date consistent with
> the guidance of Social Security Ruling 18-1p,[7] developing evidence from a
> medical expert, if necessary.

Tr. 2047.

On October, 2020, Plaintiff, represented by counsel, appeared at a rehearing before ALJ

Richter.  Tr. 1956.  Vocational Expert Karen Provides also testified.  AR 1956.  On February 9,

2021, ALJ Richter issued an unfavorable decision.  Tr. 1927-45.  ALJ Richter determined that

---

whether the jobs identified by the VE were significant; (2) ALJ Richter failed to follow the Appeals Council's mandate
directing her to apply SSR 83-20 to the determine Plaintiff's onset of disability; (3) ALJ Richter erred in failing to
make the required legal findings in medical improvement decisions under 20 CFR § 404.1594; and (5) this case should
be remanded for immediate benefits.  USDC NM Civ. No. 19-405 JCH/JHR (Doc. 24 at 10-26).

[7] SSR 18-01p rescinds and replaces SSR 83-20, "Titles II and XVI: Onset of Disability."  SSR 18-01p, 2018 WL
4945639.

for the time period between November 26, 2006, and July 13, 2009, Plaintiff could not do any

past relevant work, and that considering Plaintiff's age, education, work experience, and residual

functional capacity, there were jobs that existed in significant numbers in the national economy

that she could perform.  Tr. 1943-45.  The ALJ, therefore, determined at step five that Plaintiff

was not disabled prior to July 13, 2009.  *Id.*

On May 8, 2021, Plaintiff filed a timely Complaint returning to the United States District

Court for the District of New Mexico for the fourth time.  Doc. 1.  On November 12, 2021,

Plaintiff filed a *Motion to Reverse or Remand For the Immediate Payment of Benefits or for a*

*Rehearing with Supporting Memorandum.*  Doc. 21.  Plaintiff argued that (1) this case should be

remanded for immediate benefits; (2) ALJ Richter's step five findings contained legal errors

because (i) she failed to resolve a conflict between the VE testimony and the DOT, and (ii) she

erred as a matter of law by neglecting to make the required factual finding of whether the jobs

identified by the VE were significant;[8] (3) ALJ Richter improperly rejected the opinion of

treating physician Dr. Chan; and (4) ALJ Richter failed to follow the mandate of the Appeals

Council.[9]  In lieu of a response to Plaintiff's motion, on May 9, 2022, Defendant filed, for the

third time, a *Motion and Brief to Reverse and Remand for Further Administrative Proceedings*

*Pursuant to Sentence Four of 42 U.S.C. § 405(g)*.  Doc. 31.  In its motion, Defendant argues that

remand for further administrative proceedings is appropriate because "the decision does not

---

[8] Plaintiff argued that ALJ Richter failed to question the VE about one the jobs identified that potentially impacted Plaintiff's need to avoid exposure to vibration and hazardous machinery, and that the number of jobs the VE identified only totaled 6,700 which is arguably below a number that constitutes a "significant number" of jobs.  Doc. 21 at 9-13.

[9] Plaintiff argued that ALJ Richter failed to evaluate Plaintiff's onset date of disability pursuant to SSR 18-01p.  Doc. 21 at 23-25.  In particular, Plaintiff argued that ALJ Richter did not base her onset date on medical opinion evidence, nor did she call a medical advisor has previously recommended on two occasions.  *Id.*

contain adequate objective evidence to issue an opinion finding disability per se, or a medical opinion to support disability with an onset date as of November 26, 2006." *Id.* at 1.

In her Response, Plaintiff argues that her case should be remanded for an immediate award of benefits. Doc. 32. In support, Plaintiff argues that (1) this case has been pending for almost fifteen years; (2) given the age of the alleged onset date, October 20, 2005, it is unlikely that further fact-finding would serve any useful purpose; (3) the time period of review is closed; (4) Plaintiff has presented and testified at five separate hearings; (5) the decisions have all been made at step five where the burden shifts to the Defendant; and (6) this case has been repeatedly remanded based on concessions by the Commissioner that the ALJ's decisions are not supported by substantial evidence or free of legal error.

In its Reply, the Commissioner contends that Plaintiff has failed to demonstrate that further factfinding would serve no useful purpose such that Plaintiff's request for an immediate award of benefits should be denied. Doc. 33. The Commissioner contends that a delay, standing alone, does not warrant payment of benefits. *Id.* at 1-2. The Commissioner further contends that remand is appropriate where further fact finding is needed because the court cannot reweigh evidence. *Id.* at 2 (citing *Miller v. Chater*, 99 F.3d 972, 978 (10th Cir. 1996) (remanding for the fifth time "[b]ecause the appeals court does not reweigh the evidence in social security cases")). The Commissioner summarizes that "because the record does not 'fully support' a determination that Plaintiff is 'disabled as a matter of law' and entitled to benefits – such that additional fact-finding would serve no useful purpose, remand for further proceedings is the appropriate remedy." *Id.* at 3 (quoting *Sorenson v. Bowen*, 888 F.2d 706, 713 (10th Cir. 1989)).

## II.  <u>Applicable Law</u>

**B.**       <u>Standard of Review</u>

The Court reviews the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied.  42 U.S.C. § 405(g); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004).  A decision is based on substantial evidence where it is supported by "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion."  *Langley*, 373 F.3d at 1118.  A decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record[,]"  *Langley*, 373 F.3d at 1118, or if it "constitutes mere conclusion."  *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).  Therefore, although an ALJ is not required to discuss every piece of evidence, "the record must demonstrate that the ALJ considered all of the evidence," and "the [ALJ's] reasons for finding a claimant not disabled" must be "articulated with sufficient particularity."  *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996).  Further, the decision must "provide this court with a sufficient basis to determine that appropriate legal principles have been followed."  *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005).  In undertaking its review, the Court may not "reweigh the evidence" or substitute its judgment for that of the agency.  *Langley*, 373 F.3d at 1118.

District courts have discretion to remand either for further administrative proceedings or for an immediate award of benefits.  *Ragland v. Shalala*, 992 F.2d 1056, 1060 (10th Cir. 1993).  In making this decision, courts should consider both "the length of time the matter has been pending and whether or not 'given the available evidence, remand for additional fact-finding would serve [any] useful purpose but would merely delay the receipt of benefits.'"  *Salazar v.*

*Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006) (citation omitted) (quoting *Harris v. Sec'y of*

*Health & Human Servs*., 821 F.2d 541, 545 (10th Cir. 1987) (remanding for an immediate award

of benefits where, *inter alia*, the application had been pending for more than five years)).  When

the Commissioner has failed to satisfy his burden of proof at step five, and when there has been a

long delay as a result of her erroneous disposition of the proceedings, remand for an immediate

award of benefits may be appropriate.  *Ragland*, 992 F.2d at 1060 (remanding for an immediate

award of benefits "[i]n light of the Secretary's patent failure to satisfy the burden of proof at step

five[ ] and the long delay [of at least four years] that has already occurred as a result of the

Secretary's erroneous disposition of the proceedings").  The Commissioner "is not entitled to

adjudicate a case *ad infinitum* until [she] correctly applies the proper legal standard and gathers

evidence to support [her] conclusion."  *Sisco v. U.S. Dep't of Health & Human Servs*., 10 F.3d

739, 746 (10th Cir. 1993).

### III.  Analysis

Defendant argues that remand for an immediate award of benefits is not appropriate.

This district recently addressed Defendant's arguments opposing an immediate award of

benefits, as raised herein, in *Mendoza-Martinez v. Kijakazi*, No. 20-cv-0310 SMV, 2021 WL

5207074 (D.N.M. Nov. 9, 2021).  Magistrate Judge Vidmar explained in that case as follows:

> Defendant argues that an immediate award of benefits "is appropriate only when
> additional fact-finding would serve no purpose *and the record 'fully supports' that
> Plaintiff is disabled 'as a matter of law.'"* [] (quoting *Sorenson v. Bowen*, 888 F.2d
> 706, 713 (10th Cir 1989)) (emphasis added).  This quote misrepresents the language
> and import of *Sorenson*, and it mispresents the law.  The standard asks when
> additional fact-finding would serve no useful purpose.  Full stop.  There is no
> requirement that the "record fully support[ ] that the Plaintiff is disabled as a matter
> of law."
>
> . . .

Further, Defendant states that a district court can immediately award benefits only when the evidence is conclusive "even if there have already been lengthy administrative proceedings, because 'the appeals court does not reweigh the evidence in social security cases.'" [] (quoting *Miller v. Chater*, 99 F.3d 972, 978 (10th Cir. 1996)). This is a misrepresentation of *Miller* and of the law. If anything, *Miller* suggests the opposite. In reversing and remanding the case to the district court, the appellate court stated "After four administrative hearings, two of which were held pursuant to explicit instructions by the district court to address the [closed period of time], we would caution the agency that 'the Secretary is not entitled to adjudicate a case ad infinitum until [she] correctly applies the proper legal standard and gathers evidence to support [her] conclusion.'" *Miller*, 99 F.3d at 978 (citing *Sisco v. U.S. Dep't of Health & Human Servs.*, 10 F.3d 739, 746, (10th Cir. 1993) (reversing and remanding for an immediate award of benefits without finding conclusive evidence of disability)).

*Id.* at *9. The Court finds Magistrate Judge Vidmar's analysis persuasive and similarly finds Defendant's arguments here are unavailing.

The legal standards articulated in *Ragland* are applicable here and support remanding this case for an immediate award of benefits. This case has been pending for fifteen years, since 2007, and concerns whether Plaintiff was disabled between November 26, 2006, and July 13, 2009. The medical evidence is complete as to this closed period of time and no further medical evidence is available. In other words, there is no additional fact finding to be had. There have been five administrative hearings and Plaintiff is before this Court for the fourth time. Every time, Plaintiff has met her burden to show disability at the first four steps of the sequential evaluation process after which the burden has shifted to the Commissioner which the Commissioner has failed to meet. Further, district court and Appeals Council's orders have explicitly and repeatedly instructed the ALJ to evaluate Plaintiff's onset date of disability pursuant to relevant social security regulations, but the respective ALJs have failed to do so.

Finally, the Commissioner, in seeking its *third* remand pursuant to sentence four of 42 U.S.C. § 405(g) for additional proceedings, now has conceded *for the third time* that the ALJ's determination is not supported by substantial evidence and/or that incorrect legal standards were

applied.  *See* 42 U.S.C. § 405(g) (the court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing); *see also Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004) (the Court reviews the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied).  The Commissioner "is not entitled to adjudicate a case *ad infinitum* until [she] correctly applies the proper legal standard and gathers evidence to support [her] conclusion."  *Sisco v. U.S. Dep't of Health & Human Servs.*, 10 F.3d 739, 746 (10th Cir. 1993).

As in *Ragland*, therefore, the Court will exercise its discretion and remand this case for an immediate award of benefits.

## IV.  Conclusion

For the reasons stated above, Defendant's Motion is **GRANTED IN PART.**  The Commissioner's final decision is reversed and this case is remanded for an **IMMEDIATE AWARD OF BENEFITS**.

**JOHN F. ROBBENHAAR**
**United States Magistrate Judge,**
**Presiding by Consent**

11